# Bertalott *v.* Automobile Securities Co., Appellant.

*Replevin—Evidence—Binding instructions—Failure of proof.*

In an action of replevin to recover possession of an automobile, where the plaintiff failed to produce evidence in support of his claim, and, on the contrary, admitted that he had leased the machine from the defendant and had defaulted in his obligations under the lease, it was error to submit the question of right of possession to the jury. Judgment should have been entered by the court for the defendant.

Argued May 1, 1922. Appeal, No. 78, April T., 1922, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1920, No. 2167, on verdict for plaintiff, in the case of Albert Bertalott, Jr., v. Automobile Securities Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Replevin to recover possession of an automobile. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff and judgment thereon. Defendant appealed.

*Error assigned,* inter alia, was refusal to direct a verdict for defendant, or to enter judgment for defendant non obstante veredicto.

*John A. Metz,* for appellant.—A plaintiff in replevin must recover on the strength of his own title, not on the weakness of his adversary's: Reinheimer v. Hemingway, 35 Pa. 432.

*John E. McCalmont,* for appellee.—It is not contended that appellee had legal title, but that under all the circumstances, he did have right of possession. The bailor can recover only by showing right of possession arising through some breach of contract: White Co. v. Union Transfer Co., 270 Pa. 514.

OPINION BY LINN, J., July 13, 1922:

This is an appeal by defendant from judgment on a verdict for plaintiff in replevin brought to determine the title to and right of possession of an automobile. Defendant filed its counter-bond and retained possession of the car, whereupon it was impounded on plaintiff's motion.

In his declaration, plaintiff alleged he purchased the car from the Keystone-Buick Company; that he borrowed $725.40 from the defendant, "and, as security therefor, executed to [defendant] a series of notes maturing monthly, and, in addition thereto, signed an agreement with the said defendant" of which he had no copy. He averred that after paying four of the notes, he declined to pay the rest of them because when he inquired of defendant the amount of his indebtedness, the defendant demanded a sum in excess of what was due. His declaration then continues that when he refused to pay the amount claimed, the defendant demanded possession of his automobile, whereupon he agreed with de-

fendant that he would pay what was due as soon as the amount could be ascertained, and that meanwhile the automobile should be kept in the garage of the Auto Sales and Storage Company to be returned to him when he paid the amount due defendant, and pursuant to that arrangement he delivered the automobile to the Auto Sales and Storage Company. He avers that he then tried to ascertain how much he owed, and failing that, tendered to defendant a sum in excess of the amount due; that the tender was refused and in violation of this agreement, defendant wrongfully took possession of the automobile.

The affidavit of defense alleges very different relations. Defendant denied plaintiff's purchase from Keystone-Buick Company as well as other material allegations in the declaration, and averred that it purchased the car from the Keystone-Buick Company and leased it to plaintiff by lease dated December 20, 1918, for the term of six months at a total rental of $859.48, payable in five monthly payments of $105 each, payable respectively on the 20th of each month thereafter, and by a sixth payment of $334.48 due on June 20, 1919. The conditional delivery of the car to the Auto Sales and Storage Company was denied. Defendant averred that on November 17, 1919, plaintiff delivered the car to it pursuant to its demand therefor. The lease granted to plaintiff an option to purchase the car for $1, if not in default at the end of the term. Attached to the affidavit of defense was a copy of the bill of sale under which defendant claimed, and a copy of the lease signed by the parties.

Under section 6 of the Replevin Act of April 19, 1901, P. L. 88, "The declaration and affidavit of defense...... shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined by a jury."

The plaintiff not only failed to prove his allegation that he purchased the car from the vendor named in the declaration, but testified that he executed the lease made

to him by the defendant, and that his possession had been pursuant to its terms; that accordingly he had made five notes of $105 each and one for $334.48, covering the total rental specified in the lease $859.48, the notes being issued not in payment of the rental "but as evidence of the amount to become due under this lease and to enable lessor......etc." He testified to the dates of the payment of the notes that were paid and to their amounts. The fifth note was due on the 20th of May and he said he received notice to that effect, but that he did not pay the note. As he testified he never tendered payment of what he assumed to be due until after defendant took back the car, we need not consider the evidence relating to the alleged tender.

It is very clear that his evidence does not support the averments of his declaration; there is no proof whatever of his title or right to possession; on familiar principles, a plaintiff in replevin must prove the title or right declared upon.

The defendant put in evidence the bill of sale by the Keystone-Buick Company to it, and the lease from it to plaintiff and offered other evidence supporting its averments. It presented a point for binding instructions, which was refused. Exception was taken to that action and made the basis of a motion for judgment non obstante veredicto, which was also refused. In its charge to the jury, the court said "According to these papers, the defendant is entitled to the machine, and the plaintiff can overcome that only by proving by the weight of the evidence that the lease had been extended to allow him a little more time, or that the lease had been abrogated. There is no pretension that the lease was abrogated, but we leave that question to you, whether or not the lease had been extended, and, if so, how long? If it was extended to beyond the 17th of November, 1918, as claimed by the plaintiff, your verdict should be for the plaintiff. If, on the other hand, the lease was not extended at all, as claimed by the defendant, your verdict will be in favor

of the defendant." That quotation indicates the misapprehension of the issues to be tried. Neither in his declaration nor by any amendment did plaintiff claim title and right of possession under any lease, or any extension of any lease. The court was however correct in saying "According to these papers, the defendant was entitled to the machine." In his testimony, plaintiff had conceded that he held the car under the lease for a term of six months, and that he was in default. The car was peaceably taken after the term had expired. There was nothing to submit to the jury, and, accordingly, defendant's request for binding instructions should have been granted, or, subsequently, its motion for judgment non obstante veredicto should have been allowed.

The assignments of error raising the point are sustained, and the record is remanded with instructions to reinstate and make absolute defendant's motion for judgment n. o. v.